## JOHN HAUCK *v*. THE STATE.

1. ADMISSIONS.—The competency, as evidence, of admissions of a party made while in custody is a question of law, to be decided by the court, and is determinable by the provisions of Article 3127, Paschal's Digest; and, when such admissions are allowed to go to the jury, it is the duty of the court to give to the jury proper instructions as to how the law applies such evidence to the case.

2. NEW TRIAL.—Evidence discovered after the trial, but merely designed to impeach a witness who testified at the trial, is not a sufficient ground for a new trial.

3. INDICTMENT.—A merely formal defect in a substantially good indictment—such as an omission to state the court in which it was presented—is not sufficient to warrant a reversal by this court, unless exception to the indictment was duly taken in the court below.

APPEAL from the District Court of Hopkins. Tried below before the Hon. G. J. CLARK.

The opinion sufficiently states the facts.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J. The appellant and one Bob Farer, or Farrer, were jointly indicted in Hopkins county for the theft of a gelding, alleged to have been stolen from one N. Grayson, on the 5th day of August, 1876.

So far as is shown by the transcript of the judgment of the district court, the appellant was put upon trial alone; but from the statement of facts it is shown that both defendants were placed on trial, and that, after the witnesses for the state had testified, the jury, at the instance of the county attorney, were directed to pass upon the case so far as the defendant Bob Farrer was concerned, and returned, as to him, a verdict of not guilty, after which the trial proceeded against the appellant.

The action of the court in having the jury pass upon the case so far as Farrer was concerned was, as stated by the county attorney, for the purpose of introducing him as a witness against his co-defendant, Hauck, the appellant. This branch of the trial resulted in a verdict of guilty against the appellant, the jury assessing his punishment at confinement in the penitentiary for a period of nine years, upon which judgment was entered conforming to the verdict.

The appellant moved the court to grant him a new trial, setting out the following reasons for the motion: 1st, that the verdict is contrary to law and the evidence; 2d, it is contrary to the charge of the court; 3d, it is without evidence; 4th, the verdict is excessive; and, 5th, because of evidence discovered since the trial, and in support of which he files his own affidavit and that of one William Gillian, stating, in effect, that one of the state's witnesses had made

to Gillian and another, out of court, with regard to the case, statements differing from his testimony as given on the trial.

The motion for new trial was overruled, and the defendant excepted and gave notice of appeal.

During the progress of the trial a witness was introduced for the purpose of proving certain admissions made by the defendant with regard to the matters being investigated, which was objected to on the ground, as appears from a bill of exceptions, that the admissions were made whilst the defendant was in custody of the officer in another county. The objection was overruled, and the defendant took a bill of exceptions.

There is no assignment of errors. This case has been submitted on brief of the assistant attorney general for the state. We have not been favored with either written or oral argument on the part of the appellant.

Three propositions are presented informally in the record which have attracted our notice, to wit: The exceptions of the defendants to the action of the court in admitting evidence of the statements of the accused whilst in custody; the ruling of the court on the motion for a new trial; and a third, as to whether the court erred in allowing the evidence of Farrer to go to the jury, and its effect after his acquittal, he having been indicted with the party then on trial.

These several propositions will receive such attention as may be necessary to see their bearing on the main inquiry—the truth of the charge in the indictment—in the order above stated.

The question as to the propriety of receiving the admissions of a party made whilst in custody was one of law, to be passed on by the court. We presume, from the bill of exceptions, that the question of the admissibility of this evidence was submitted to the court, and after consideration was allowed to go to the jury. The correctness of this action

must be determined by the statute, which prohibits the introduction of such testimony " unless such confession (admission) be made in the voluntary statement of the accused, taken before an examining court, in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him ; or unless, in connection with such confession, he make statement of facts or circumstances, that are found to be true, which conduce to establish his guilt." Pasc. Dig., Art. 3127, and note 761.

The judge having decided to allow the evidence to go to the jury, it then became his duty to give the jury proper instructions as to how the law applied it to the case, which was done fully and clearly ; and when we compare his statement so made with other facts established in evidence, we conclude that his statements, or admissions or confessions, did conduce to establish his guilt—which was in fact established without it. There was no error in admitting it, under the instructions given.

As to the motion for new trial, we are of opinion it was properly overruled. The law applicable to the case as made by the evidence was given to the jury in the charge of the court fully and fairly, in a manner the jury could not well misunderstand, and guarding the rights of the accused in a way not to leave room for complaint on his part, and, we may add, satisfactory to his counsel, as we find no objection to the charge as given, nor were any additional charges asked on his part. The evidence is sufficient to establish the taking of the gelding without the consent of the owner, and under circumstances amounting to theft in law.

On the subject of recently discovered evidence, mentioned in the motion for new trial, and in the accompanying affidavits, above mentioned, we need only say that from the affidavits it is manifest that, so far as this ground of the

motion is concerned, it seeks a new trial for the purpose of procuring testimony to impeach a witness who had testified on the trial. A new trial will not be granted for such purpose. See *Gibbs* v. *The State*, decided at the Austin term, 1876, of this court, and authorities there cited, *ante* p. 12.

As to the hearing of the testimony of Farrer—who, it is said, was an accomplice in the perpetration of the crime of which he was charged—it is shown that Farrer, after the jury had returned a verdict of not guilty as to him, was put upon the stand and testified against the appellant, who was at that time alone on trial. The law applicable to this state of case was given substantially to the jury in the charge of the court on that branch of the subject. The jury were told that the law regarded this witness, under the circumstances surrounding him, as an accomplice; and they were charged, further, that a conviction could not be had on the testimony of an accomplice unless his testimony is corroborated by other evidence, and that the corroboration must be as to some material fact connecting the defendant with the commission of the offense. *Irvin* v. *The State*, decided at the present term, *ante* p. 301.

The testimony of Farrer is supported in several respects tending to establish the guilt of the accused, and was so carefully guarded in the charge of the court that the jury could not have been misled by it to his prejudice.

The indictment in this case is deficient in one particular, in that it is not made to appear on its face that it was presented in the district court of Hopkins county. This, however, is not sufficient to warrant a reversal of the judgment, for the reason that it is a mere matter of form, and could have been cured by amendment if the objection had been pointed out at the proper time. See Code of Crim. Pro., Art. 488; Pasc. Dig., Art. 2955; *Bosshard* v. *The State*, 25 Texas (Supp.), 207. No exception was taken to the

indictment in the district court, and it is not perceived that it is defective in any matter of substance.

The question of the guilt or innocence of the accused was fairly presented to the jury. He has been convicted on a sufficiency of legal testimony. No error is perceived in the record calculated to prejudice the rights of the accused. He has been legally tried and convicted, and the judgment will not be disturbed. The judgment of the district court of Hopkins county rendered in this case is affirmed.

*Affirmed.*